In the Matter of JOHN G. NICHOLAS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 16, 1984

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.* (*Diana L. Maxfield* of counsel), for petitioner.

*Elaine D. McKnight* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

The respondent was admitted to practice by the Appellate Division, First Judicial Department, on March 21, 1960. By order to show cause dated June 29, 1983, the court ordered, *inter alia,* that respondent be suspended pending the outcome of this disciplinary proceeding. In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm the report of the special referee and the respondent moves to confirm in part and disaffirm in part said report.

The referee sustained 10 charges of professional misconduct as follows: (1) from in or about January, 1981 through in or about January, 1983, drawing at least 182 checks on his escrow account, when he knew or should have known, that there were insufficient funds in said account to cover

said checks, said account having been overdrawn on at least 91 separate occasions by as much as $27,089; (2) commingling of escrow funds with personal funds; (3) failing to maintain proper attorney escrow records as required by the rules of this court; (4) failing to comply with three judicial subpoenas duces tecum; (5) furnishing the petitioner Grievance Committee with fraudulent and altered bank statements of his attorney escrow account, from which all references to at least 52 check reversals had been deleted; (6) converting escrow moneys to his own use and issuing three checks drawn on said escrow account totaling $2,600 knowing that there were insufficient funds in said account; (7) converting escrow moneys to his own use in the amount of $6,700; (8) converting escrow moneys to his own use in the amount of $2,500; (9) converting escrow moneys to his own use in the amount of $1,500, and (10) failing to cooperate with the petitioner Grievance Committee in its investigation of complaints. Two other charges of misconduct were not sustained by the referee.

Hearings were held on 20 separate occasions and the minutes therefrom totaled more than 2,200 pages. A total of 56 petitioner's exhibits and 7 respondent's exhibits were admitted into evidence and the special referee has prepared a thorough and detailed report, outlining, *inter alia,* the testimony of the many witnesses.

After reviewing all of the evidence, including the testimony of the bank officials, the testimony of respondent's accountant and the various bank records placed into evidence, there is no doubt that respondent is guilty of all of the charges sustained by the special referee. Petitioner's motion to confirm the report of the special referee is granted and respondent's motion to confirm in part is granted only to the extent that it is to confirm in part and is otherwise denied.

Accordingly, the respondent should be, and hereby is, disbarred and the clerk of this court is directed to strike respondent's name from the roll of attorneys and counselors at law effective forthwith.

MOLLEN, P. J., TITONE, LAZER, MANGANO and BRACKEN, JJ., concur.