In the Matter of HARRY RAPTAKIS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 22, 1986

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Diana Maxfield Kearse* of counsel), for petitioner.

*Nicholas C. Cooper* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on December 29, 1967. In this proceeding to discipline the respondent, the Special Referee sustained the five charges of misconduct alleged against him. The petitioner moves to confirm the report of the Special Referee, and the respondent cross-moves to disaffirm the report. The first charge alleged that during the years 1981 and 1982 the respondent issued at least 12 checks drawn on an escrow account which was in the name of "Nicholas and Raptakis" when there were insufficient funds in said account to cover said checks. The second charge alleged that during the years 1981 and 1982 when the respondent maintained the aforementioned escrow account, at least 182 checks drawn on said account were returned due to insufficient or uncollected funds, and said account was overdrawn on at least 91 separate occasions. The third charge alleged that the respondent failed to maintain proper records of said escrow account as required by the rules of this court. The fourth charge alleged that the respondent improperly withdrew funds from said escrow account for his personal use during 1981 and 1982. The fifth charge alleged that the respondent submitted a false and misleading affirmation to the Supreme Court, Queens County, regarding said escrow account while the respondent was representing John G. Nicholas, the attorney with whom the respondent was affiliated.

After reviewing all of the evidence, we are in full agreement with the findings of the Special Referee. The respondent is guilty of the professional misconduct indicated above. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to disaffirm the report of the Special Referee is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the fact that despite the title of "Nicholas and Raptakis" on the escrow account, the respondent was not a partner of John G. Nicholas; that the respondent's name was placed on the joint escrow account for the convenience of Mr. Nicholas; and that the respondent's responsibility for overseeing that account was limited by the authority wielded by Mr. Nicholas. By order of this court dated July 16, 1984, John G. Nicholas was disbarred, *inter alia,* for his converting escrow moneys to his own use *(see, Matter of Nicholas,* 102 AD2d 697, *appeal denied in part and dismissed in part* 63 NY2d 767).

Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of three years, effective January 26, 1987, and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and WEINSTEIN, JJ., concur.